IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID HUNLEY, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-20-3221 |
| WILLIAM V. DeLAUTER, et al., | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM

Petitioner David Hunley, through counsel, has filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF 1. He alleges that he is held without benefit of a bond hearing as he awaits his state court criminal trial, which has been delayed due to the COVID-19 pandemic. *Id.* Additionally, Hunley alleges that Respondents seized property pursuant to the execution of a search and seizure warrant but failed to serve forfeiture complaints regarding the property, and the requisite time for doing so has elapsed. *Id*.

The court directed a response. ECF 2. In response, Respondents assert that the Petition concerns claims that are unexhausted, requiring dismissal of the Petition. ECF 4. The response is supported by the "State Record." ECF 4-1.

Petitioner was provided with an opportunity to file a response. ECF 2. But, he has filed nothing further. *See* Docket.

For the reasons set forth below, the Petition shall be dismissed.

### I.  BACKGROUND

On January 17, 2020, Hunley was charged in the District Court of Maryland for Frederick County. ECF 4-1 at 6. He was arrested on January 21, 2020, and that same day brought before a District Court Commissioner, who, after a bond hearing, where Hunley was represented by

counsel, denied bond.  The next day Hunley had a bond hearing before the Honorable Eric W. Schaffer in the District Court of Maryland for Frederick County.  Hunley, who was again represented by counsel, was denied bond.  *Id*. at 14.

On February 11, 2020, the case was transferred to the Circuit Court for Frederick County where Hunley was indicted on two counts of first degree child abuse and two counts of second degree child abuse.  ECF 4-1 at 6.  He filed a motion for bond review on February 13, 2020.  *Id.* at 7. The motion was denied on February 19, 2020.  *Id*.

Hunley filed a second motion for bond review, through counsel, on March 10, 2020.  *Id*.  The motion was denied on March 13, 2020.  *Id.* at 8.  Hunley's third request for bond review was denied on September 8, 2020.  *Id.* at 11.

Hunley filed his Petition in this court on November 5, 2020, claiming that his continued detention violates his right to due process under the Fifth Amendment, and his continued detention "is not justified under the Constitution, without at a minimum, a hearing at which Petitioner might have an opportunity to be heard, or to have the Court explain it's [sic] polarized stance on bond for this pretrial detainee with no prior criminal record."  ECF 1 at 7.  He also claims that the seizure and retention of his property pursuant to the section of a search and seizure warrant is unlawful in that "continuing retention of all seized property . . . is unlawful and violates the Due Process Clause of the 5th Amendment."  ECF 1 at 7, 8.

## II.    DISCUSSION

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987); *see also Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some

circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to a § 2241 petition); *McClung v. Shearin*, 90 Fed. App'x. 444, 445 (4th Cir. 2004) (per curiam) (stating that a petitioner must exhaust administrative remedies prior to filing § 2241 petition seeking restoration of good conduct credits). The claim must be fairly presented to the state courts. This means presenting both the operative facts and controlling legal principles of each claim. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Exhaustion includes appellate review by the Maryland Court of Special Appeals and potentially the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state criminal proceedings in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Although Hunley has sought bond review, he did not file a petition for habeas corpus in the state court, as permitted under Maryland law. *See* Md. Code, Cts. & Jud. Proc. §§ 3-701, 3-707; Md. Rule 15-303(b). Hunley concedes that state remedies are available to him but seems to argue that pursuing those remedies is a futility because he does not believe he would be successful in the "very court" that has previously denied him relief. ECF 1 at 9.

A failure to exhaust may be excused "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain

relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Hunley has not made such a showing. Rather, he simply speculates about his chance of success in further pursuing his state court remedies. Therefore, the Petition must be dismissed, without prejudice, for lack of exhaustion.

Similarly, as to Hunley's property claim, federal courts must abstain from exercising jurisdiction over a claim raised by a pretrial detainee that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden*, 410 U.S. at 489-90; *see also Timms v. Johns*, 627 F.3d at 531 (exhaustion of alternative remedies is required prior to seeking federal habeas relief).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Hunley's claims that his property is being improperly held must be litigated in the state court.[1] Further, Hunley has not demonstrated that litigation of his claim in the state court would result in harm to his federal constitutional rights. For these reasons, this habeas petition shall be dismissed, without prejudice.

A separate Order follows.

February 4, 2021  
Date

/s/  
Ellen L. Hollander  
United States District Judge

---

[1] For example, Hunley could file an action in replevin, or a motion for restoration of property, pursuant to Md. Code, Crim. Pro. § 1-203(d)(1). Hunley has not filed any proceedings in state court relative to his property.